IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY L. JONES,

                Plaintiff,                                OPINION &ORDER

TRANSGUARD INSURANCE COMPANY                 14-cv-191-jdp
OF AMERICA

                Intervenor Plaintiff,
  v.

BLUE NILE EXRESS, LLC, and
EYOB BAYRU,

                Defendants.

---

Plaintiff Gregory Jones brings this civil action under 28 U.S.C. § 1332, alleging diversity of citizenship as grounds for this court's subject matter jurisdiction. Jones alleges that he suffered an injury because of defendant Eyob Bayru's negligence in adjusting a tandem rear axle on a semi-tractor while the two were working in Plymouth, Indiana. At the time of the accident, Bayru was employed as a truck driver by defendant Blue Nile Express, LLC. Just over a month after Jones filed his complaint, Transguard Insurance Company of America, Inc. filed a motion to intervene as a plaintiff in this suit. Transguard alleged that it is entitled to reimbursement for payments it made to Jones under an Illinois worker's compensation statute. The court granted Transguard's motion to intervene. Dkt. 23. Blue Nile has filed a motion to transfer this case. Dkt. 13.

Before addressing Blue Nile's motion to transfer, or any other substantive issue in this case, the court must determine whether it has subject matter jurisdiction. Because the allegations in the complaint are insufficient to determine if the parties are truly diverse, the court will give Jones an opportunity to file an amended complaint containing the necessary

factual allegations to establish diversity jurisdiction. The court also directs Transguard to file a pleading, as required by Fed. R. Civ. P. 24(c).

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Here, Jones contends that the court has jurisdiction because the parties are diverse. Dkt. 1. Unfortunately, his allegations are insufficient to allow this court to determine Blue Nile's citizenship.

Blue Nile is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). However, Jones has not alleged the citizenship of Blue Nile's members, making it impossible to determine whether complete diversity exists in this case. Instead, Jones alleges that Blue Nile "is organized as a limited liability company under the laws of the State of Wisconsin, and has its principle place of business in this district." Dkt. 1. As the Seventh Circuit has instructed, this information is not relevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, the court will give Jones leave to file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each of Blue Nile's members. In alleging Blue Nile's citizenship, Jones should be aware that if any of the members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Transguard's motion to intervene was not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," as required by Fed. R. Civ. P. 24(c). Instead, Transguard's motion incorporated Jones's complaint, but "the requirement of Rule 24(c) is unambiguous and, as a general rule, compliance may not be achieved simply by adopting the prior pleadings of a party." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 595 (7th Cir. 1993). In this case, the omission of a pleading is problematic because "[a]s an intervening plaintiff in a case where federal jurisdiction is premised on 28 U.S.C. § 1332, [Transguard bears] the burden of establishing subject-matter jurisdiction." *TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 633 (7th Cir. 2003). Transguard's motion does not contain jurisdictional allegations and leaves the court with insufficient information to determine whether the parties are completely diverse. The court will give Transguard leave to file within 14 days of this order a pleading that not only satisfies Rule 24(c), but that also sets out the company's citizenship.

Both Jones's and Transguard's obligations under this order could be satisfied in a single amended complaint, if those parties are inclined to cooperate.

ORDER

IT IS ORDERED that:

1) Plaintiff Jones shall have until June 25, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332;

2) Jones's failure to amend timely will result in prompt dismissal of this matter for lack of subject matter jurisdiction;

3) Intervening Plaintiff Transguard shall have until June 25, 2014, to file and serve a complaint complying with Fed. R. Civ. P. 24(c) and containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

4) Transguard's failure to file timely will result in its prompt dismissal as a party to this matter.

Entered this 11th day of June, 2014.

                        BY THE COURT:
                          /s/

                        _____
                        JAMES D. PETERSON
                        District Judge