IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

GREGORY L. JONES,

                Plaintiff,              OPINION & ORDER

TRANSGUARD INSURANCE COMPANY            14-cv-191-jdp
OF AMERICA,

                Intervenor Plaintiff,
  v.

BLUE NILE EXPRESS, LLC, and
EYOB BAYRU,

                Defendants.
---

One of the defendants, Blue Nile Express, LLC, seeks to have this case transferred to Indiana because venue is improper in this court. Dkt. 13. The motion will be granted.

Plaintiff Gregory Jones was injured when he and defendant Eyob Bayru adjusted the tandem rear axle on Jones's semi-trailer at a loading dock in Plymouth, Indiana. At the time, Jones and Bayru were employed as truck drivers by different companies and they happened to be at the loading dock at the same time. According the complaint, Bayru operated the tractor while Jones held the axle. Jones alleges that Bayru negligently caused the tractor to jerk forward, throwing Jones to the ground and causing him severe injuries. Following the accident, Jones returned home to Illinois, received medical treatment, and filed a claim against his employer for workers' compensation benefits. His employer's insurer, intervenor plaintiff Transguard Insurance Company of America, began paying benefits. When the accident occurred, Bayru was employed by defendant Blue Nile Express, LLC, which is based in Wisconsin.

Jones brought this suit against both Bayru and Blue Nile, alleging that Bayru was negligent in helping him adjust the tandem rear axle and that Blue Nile was vicariously

responsible for the negligence of its employee. Transguard intervened, claiming that under an Illinois workers' compensation statute, it was entitled to reimbursement for payments already made to Jones. Jurisdiction is proper because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Before the court is Blue Nile's motion to transfer to the United States District Court for the Northern District of Indiana. Dkt. 13. Blue Nile contends that venue is improper in this district and that under 28 U.S.C. § 1406, transfer is appropriate. The court agrees that the federal venue statute does not allow Jones to pursue his action in this court, and will therefore transfer the case to the Northern District of Indiana, South Bend Division.

ALLEGATIONS OF FACT

In setting forth these facts, the court has considered both the complaint and the parties' supporting affidavits. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) ("Under Rule 12(b)(3), the district court was not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment."). The court accepts as true the allegations set out in the complaint unless contradicted by the defendants' affidavits. *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 935 (E.D. Wis. 2006). Where "there are disputed facts, the court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor." *Id.* (internal citations omitted).

On April 26, 2012, Jones was employed as a truck driver for Del Monte Foods, Inc.[1] and had just made a delivery to Del Monte's plant in Plymouth, Indiana. Bayru, also a truck driver, was employed by Blue Nile and was at the Del Monte plant to pick up a shipment. Both men

---

[1] There are conflicting allegations regarding Jones's employer. *See* Dkt. 1, ¶ 8 ("Jones worked as a truck driver for Del Monte Foods, Inc.") and Dkt. 1, ¶ 22 (Jones "was an employee of RT&T Enterprises, Inc."). The discrepancy is immaterial for purposes of Blue Nile's motion to transfer.

2

were in the loading dock area when Jones asked Bayru for help repositioning the tandem rear axle of his semi-trailer. This adjustment, common after unloading a full trailer, rebalances the weight of the now-empty trailer over the axle. The process involves one person, standing on the ground, holding the axle in place while a second person, in the driver's seat of the tractor, moves the tractor forward or backward until the axle is in place, when the person on the ground secures the axle with a locking pin. Jones and Bayru agreed that Jones would stay on the ground and Bayru would operate the tractor. Jones alleges that as he was holding the axle in place, Bayru caused the tractor to jerk suddenly and without warning. This threw Jones to the ground, causing severe injury to his shoulders.

After the accident, Jones returned home to Illinois, where he received treatment for his injuries, including surgery and hospitalization. In addition to incurring medical costs, Jones has lost income and is now limited in his usual affairs and activities. He filed a claim for workers' compensation, and his employer's insurance carrier—Transguard—began paying benefits. To date, Transguard has paid $159,905.72. Under a provision of the Illinois Workers' Compensation Act, 820 ILCS 305/5(b), Transguard is entitled to reimbursement for this amount from the responsible party, and the insurance company intervened in this case to protect its right to payment.

Jones filed this suit in March 2014, bringing state law claims of negligence against Bayru, and seeking to impose vicarious liability on Blue Nile by virtue of the fact that Bayru was operating within the scope of his employment when he caused Jones's injuries. For purposes of establishing complete diversity, the second amended complaint alleges that: (1) Jones is a citizen of Illinois; (2) Transguard is a citizen of Illinois and North Carolina; (3) Bayru is a citizen of Pennsylvania; and (4) Blue Nile is a citizen of Wisconsin. The complaint further alleges that venue is proper in this district under 28 U.S.C. § 1391(b)(1).

Blue Nile has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(3), asking the court to transfer this case. Relying on 28 U.S.C. § 1406, Blue Nile contends that venue is improper in this district, but that the case may be properly tried in the Northern District of Indiana.

OPINION

**A. Venue is improper in the Western District of Wisconsin.**

Venue is governed by statute, and absent a special venue provision, 28 U.S.C. § 1391 establishes the three means of selecting a venue for a civil action brought in federal court. Subsection (b) provides that a plaintiff may bring suit in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Jones's complaint cites paragraph (b)(1) as the basis for venue. Although citing the specific venue provision may help to avoid venue challenges, "[a] plaintiff need not allege the basis for filing in a particular district court because, unlike subject matter jurisdiction, venue is not a matter that must be raised by the proponent of the forum." *Stickland v. Trion Grp., Inc.*, 463 F. Supp. 2d 921, 924 (E.D. Wis. 2006). But even when a plaintiff chooses to plead venue under a particular paragraph of § 1391(b), the court need not contain its venue inquiry to that specific provision. *See Ward v. Delaney*, No. 01-cv-3074, 2002 WL 31133099, at *1 (N.D. Ill. Sept. 20, 2002) ("[A] plaintiff need not cite any statute in support of venue, let alone cite the correct statute."). Instead, the court may look to see if venue is proper under *any* provision.

4

A defendant may waive objections to venue if he does not timely raise them. *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004). But it is not well-settled which party bears the burden of proof once venue is challenged. *Compare* 14D Wright et al., Federal Practice & Procedure § 3826 (4th ed. 2013) ("[T]he weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.") *and* 17 Moore et al., Moore's Federal Practice § 110.01[5][c] (3d ed. 2014) ("[T]he defendant has the burden of establishing that venue is improper."). Ultimately, the court does not need to weigh in on this discussion because even if Blue Nile bears the burden of proof, none of the provisions of § 1391(b) authorize venue in this district.

Venue is improper under subsection (b)(1) because not all defendants reside in this district. For purposes of the venue statute, a defendant who is an LLC resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," and a natural person resides in "the judicial district in which [he] is domiciled." § 1391(c). Blue Nile concedes that it resides in this district, but argues that Bayru resides in Pennsylvania. Dkt. 14, at 3. In support of its assertion, Blue Nile has submitted the results of a public records search which confirm that, as of March 31, 2014, Bayru's last known address was in Philadelphia, Pennsylvania. Dkt. 16-1, at 2. Blue Nile also offers the affidavit of its owner, Fiseha Teshite, who states that Bayru has never resided in Wisconsin. Jones does not dispute any of this, and responds only by proposing that "were [he] to dismiss Bayru . . . or never obtain service on him, the only defendant would be Blue Nile." Dkt. 20, at 7. But Jones offers no authority to support his suggested solution, and the court will not permit him to manufacture venue with such ad hoc adjustments to his complaint.

5

Venue is also improper under subsection (b)(2) because this is not a district in which a substantial part of the events or omissions giving rise to Jones's claim occurred. "The test of determining whether a 'substantial part' of the events or omissions giving rise to a claim occurred in a particular district is more of a qualitative, rather than quantitative inquiry." *Estate of Moore*, 460 F. Supp. 2d at 936 (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005)). Of course, there may be more than one district that fits this requirement, in which case the plaintiff can choose from any of them; he need not select the district where the "majority" of the events occurred. *Quarra Stone Co. v. Yale Univ.*, No. 13-cv-790, 2014 WL 320059, at *11-12 (W.D. Wis. Jan. 29, 2014). A plaintiff may not, however, lay venue in a district unless the events that occurred there "have a 'close nexus' to the alleged claim." *Estate of Moore*, 460 F. Supp. 2d at 936 (internal citations omitted).

This is a negligence action, arising out of an accident that occurred in Indiana. The parties agree that a substantial part of the events giving rise to Jones's claim occurred in the Northern District of Indiana, and that venue would easily be proper there under subsection (b)(2). Dkt. 14, at 3 and Dkt. 20, at 4. They dispute, however, whether Blue Nile's employment relationship with Bayru can constitute a substantial part of the events and give rise to venue in this district as well. Jones contends that because Blue Nile's liability in this case turns on its employment relationship with Bayru, "any business records or witnesses on behalf of Blue Nile that would be intended to go to the employment relationship are in the Western District of Wisconsin." Dkt. 20, at 4. This argument misses the issue. Jones identifies *evidence* in this district that would establish Blue Nile's employment relationship, but does not recount *events* that occurred in this district which led Bayru to negligently injure him in Indiana. The two are not interchangeable and Jones offers no authority to suggest otherwise.

6

A separate problem with Jones's argument is that it stretches the requirement of a "close nexus" too far. The fact that Bayru had an employment relationship with a company in Wisconsin is simply too attenuated to the negligent operation of a truck in Indiana, and the resulting injuries. Even if the court goes beyond the record to draw reasonable inferences in Jones's favor—such as the inference that Bayru signed his employment contract in this district— Jones would not have a sufficiently close nexus to create venue here. Merely signing a contract cannot give rise to venue unless the cause of action somehow relates to that contract. *See Consol. Ins. Co. v. Vanderwoude*, 876 F. Supp. 198, 201 (N.D. Ind. 1995) ("While it is true that making the [insurance] contract in Indiana was *an* event without which the present suit would not exist, that event does not constitute a 'substantial part' of the events giving rise to" an action for declaratory judgment interpreting the policy's coverage of events that occurred in a different district) (original emphasis). Jones's complaint does not allege that Bayru's employment contract somehow authorized or created his negligence. Indeed, the only material purpose the employment contract will serve in this case is to prove Blue Nile's liability for Bayru's conduct, which is different than alleging that it "gave rise" to the accident. This purpose falls outside the scope of (b)(2).

Jones meets the same result if the court construes his pleadings as alleging that Blue Nile issued Bayru his work orders from this district—a fact certainly not suggested in the pleadings but that the court will nevertheless infer in Jones's favor. This fact would not be enough to create venue in this district for largely the same reasons: namely, Blue Nile's work orders did not create the alleged negligence of its employee. In some cases, communications to or from a district can give rise to venue in that district. *See Quarra Stone Co.*, 2014 WL 320059, at *12; *Estate of Moore*, 460 F. Supp. 2d at 936. But courts that have used this rule require "a sufficient relationship between the communication and the cause of action." *Interlease Aviation Investors II*

*(Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). Obvious examples include suits where a communication or contract is the *subject* of the litigation. *See, e.g., Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07-cv-1394, 2008 WL 5423553, at *3 (N.D. Ill. Dec. 29, 2008) (breach of contract); *Dickerson v. Perdue*, No. 07-cv-206, 2007 WL 2122418, at *6 (S.D. Ill. July 20, 2007) (defamation); *Fogelson v. Iatrides*, No. 99-cv-6892, 2000 WL 631293, at *3 (N.D. Ill. May 12, 2000) (fraudulent misrepresentation).

Jones does not offer the court any authority suggesting that this rule would apply to routine communications to employees, and the court is not convinced that such a rule would be appropriate, at least where the communications are not the subject of the dispute. Bayru's work orders may have sent him to Indiana, but they did not instruct him to help Jones move the axle, and they certainly did not instruct him to behave negligently in doing so. Absent a communication that originated in this district with some injurious characteristics, such as in the case of a fraudulent or defamatory statement, or a statement that is the subject of litigation, such as a contract might be, Jones cannot rely on Blue Nile's employment relationship with Bayru for purposes of laying venue in this district under (b)(2).

Finally, Jones is wrong to suggest that (b)(3) could somehow apply in this case. Venue under (b)(3) applies *only* "if there is no district in which an action may otherwise be brought." In his brief, Jones admits that venue would be proper in the Northern District of Indiana under § 1391(b)(2). Dkt. 20, at 4. Thus, paragraph (b)(3) does not provide a basis for venue in this district.

Because this case does not fit into any provision of § 1391(b), venue is improper.

**B. Transfer to the Northern District of Indiana is Appropriate.**

Having determined that venue is improper here, the court must decide whether to transfer this case or dismiss it outright. 28 U.S.C. § 1406. When a plaintiff incorrectly lays venue, § 1406(a) authorizes the court to transfer the case to another district "if it [is] in the interest of justice." The Supreme Court has held that "[i]f by reason of the uncertainties of proper venue a mistake is made . . . 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Transfer is not automatic, and the "proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one." *Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003). Courts typically transfer, rather than dismiss a case, when dismissal would create a statute of limitations issue that could effectively end the case on the merits. *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986).

In responding to Blue Nile's proposal to transfer the case, Jones does not identify any potential problems with a statute of limitations. So, if venue were proper in more than one district, the court would dismiss this case and let the plaintiff chose an alternative. But the Northern District of Indiana appears to be the only proper choice. Because Blue Nile has asked the court to transfer the case, Dkt. 13, Dkt. 14, and Dkt. 22, and transfer is in the interest of justice, the court will transfer this case to the Northern District of Indiana.

ORDER

IT IS ORDERED that:

1) Defendant Blue Nile's motion to transfer, Dkt. 13, is GRANTED;

2) This case is transferred to the United States District Court for the Northern District of Indiana, South Bend Division.

Entered this 1st day of July, 2014.

                                  BY THE COURT:

                                  /s/
                                  JAMES D. PETERSON
                                  District Judge